1  James F. Speyer (SBN 133114)
   James.Speyer@arnoldporter.com
2  ARNOLD & PORTER KAYE SCHOLER LLP
3  777 South Figueroa Street, 44th Floor
   Los Angeles, California 90017-5844
4  Phone: (213) 243-4000 / Fax: (213) 243-4199

5
6  Attorneys for Defendants 7-Eleven, Inc, Kia
   Hasheminejad, Timothy Hall, and Bobbie King
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASJEET DHILLON, an individual; KAMAL CREATIONS, INC., a California Corporation; JASJEET DHILLON, INC., a California Corporation; J AND K CONVENIENCE STORE, INC., a California Corporation; JASSI AND MIRNA, INC., a California Corporation; and K & A CONVENIENCE STORES, INC., a California Corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>7-ELEVEN, INC., a Texas corporation; KIA HASHEMINEJAD, an individual; TIMOTHY HALL, an individual; BOBBIE KING, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. **'23CV2335 JES JLB**<br><br>**7-ELEVEN, INC., KIA HASHEMINEJAD, TIMOTHY HALL, AND BOBBIE KING'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE THAT, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and with full reservation of all rights and defenses, Defendants 7-Eleven, Inc. ("7-Eleven"), Kia Hasheminejad, Timothy Hall, and Bobbie King remove this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California. As set forth below, the amount in controversy (exclusive of interest and costs) exceeds $75,000, and complete diversity exists between all Plaintiffs and all non-fictitious Defendants who were not fraudulently joined.

## I.  BACKGROUND

Plaintiff Jasjeet Dhillon ("Dhillon") is the owner or co-owner of Plaintiffs Kamal Creations, Inc., Jasjeet Dhillon, Inc., J and K Convenience Store, Inc., Jassi and Mirna, Inc., and K & A Convenience Stores, Inc. (collectively, the "Entity Franchisees"), each of which entered into one or more franchise agreements with 7-Eleven (the "Franchise Agreements") granting them licenses to operate 7-Eleven® brand convenience stores (the "Stores"), subject to the terms and conditions of those Agreements. Complaint ¶¶ 13-18.[1] Each of the Plaintiffs is a citizen of California. *Id*. ¶¶ 1-6. Defendant 7-Eleven is a citizen of Texas. *Id*. ¶ 7.

On December 7, 2023, representatives of 7-Eleven – Defendants Kia Hasheminejad ("Hasheminejad") and Timothy Hall ("Hall") – met with Dhillon at the Courtyard Marriott hotel in El Cajon, California, and advised him that 7-Eleven was prepared to terminate the Franchise Agreements as a result of Dhillon's unlawful conduct, which materially breached those Agreements. *Id*. ¶¶ 21-26. They hand-delivered to Dhillon four written Notices of Material Breach (the "Breach Notices")

---

[1] A copy of the Summons and Complaint served on 7-Eleven on December 19, 2023 is attached hereto as Exhibit 1. Plaintiffs have not yet served Defendants Kia Hasheminejad, Timothy Hall, or Bobbie King. However, the undersigned attorneys have advised Plaintiffs' counsel that they are representing those Defendants and will accept service on their behalf.

with respect to each of the Franchise Agreements and Stores. *Id.* ¶ 26.[2] Those Breach Notices described Dhillon's unlawful conduct as follows:

> **Mr. Dhillon used an electronic tracking device to determine the location and movements of a fellow 7-Eleven® franchise owner, without her knowledge or consent. Mr. Dhillon then repeatedly followed that franchise owner, threatened to commit violence against her, and harassed her (including by sending multiple harassing and inappropriate text messages), all of which caused her to reasonably fear for her safety and the safety of her family. As a result of this conduct, a criminal action has been filed and restraining orders have been entered[] against Mr. Dhillon.**

> **Mr. Dhillon used an electronic recording device to eavesdrop on the confidential communications and/or private activities of a fellow 7-Eleven® franchise owner, without her knowledge or consent. Mr. Dhillon then, without the franchise owner's consent, sent multiple electronic messages of a harassing nature about the franchise owner and one or more digital images of the franchise owner[] to third parties for the purpose of causing the franchise owner unwanted physical contact, injury, or harassment by such third parties. As a result of this conduct, restraining orders have been entered against Mr. Dhillon.**

> **Mr. Dhillon assaulted, battered, and/or sexually harassed one of his employees in the back room of a 7-Eleven store that he operates. As a result of this conduct, a restraining order has been entered against Mr. Dhillon. In addition, Mr. Dhillon took steps to conceal evidence of the foregoing conduct by forcibly remov[ing] video equipment containing footage of that conduct and, in the course of doing so, damaged 7-Eleven property.**

---

[2] Examples of the Breach Notices delivered to Dhillon on December 7, 2023, which are incorporated by reference into the Complaint (*see* ¶ 26), are attached hereto as Exhibits 2 through 5.

> **[A]fter one of Mr. Dhillon's employees opposed his unlawful behavior, including his assault, battery, and/or sexual harassment towards her, Mr. Dhillon retaliated against her, including by directing her manager to terminate her employment, and otherwise discriminating against her**

Exhibit 2 at p.2; Exhibit 3 at p.2; Exhibit 4 at p.2; Exhibit 5 at p.2 (emphasis in originals).

After receiving the Breach Notices and separate Notices of Termination with respect to each of the Franchise Agreements, Dhillon signed a Termination Agreement with Goodwill Sale Opportunity and a Management Agreement with respect to the seven Franchise Agreements entered into by, and Stores franchised to, Plaintiffs Kamal Creations, Inc., Jasjeet Dhillon, Inc., and J and K Convenience Store, Inc. Complaint ¶ 26. Those Agreements provided that the Franchise Agreements between 7-Eleven and those Entity Franchisees would not immediately terminate, and gave those Franchisees a ninety-day period to sell their respective "goodwill" interests in the Stores while 7-Eleven managed them on the Franchisees' behalf. *Id*. Dhillon elected not to sign similar agreements regarding the two Franchise Agreements entered into by, and Stores franchised to, Plaintiffs Jassi and Mirna, Inc. and K & A Convenience Stores, Inc. *Id*. Dhillon then exited the meeting. *Id*.

7-Eleven employee Bobbie King ("King"), who was not present at the meeting with Dhillon, subsequently informed the other, non-party co-owners of Jassi and Mirna, Inc. and K & A Convenience Stores, Inc. that, as a result of Dhillon's conduct, 7-Eleven had terminated its Franchise Agreements with those Entity Franchisees. *Id.* ¶ 27.

On or about December 15, 2023, Plaintiffs filed an action in the Superior Court of the State of California for the County of San Diego, asserting a variety of claims against 7-Eleven seeking to undo the Termination and Management Agreements Dhillon signed, and avoid the termination of the Franchise Agreements. *See*

*generally*, Complaint. Plaintiffs seek to recover monetary damages from 7-Eleven in excess of $125,000. *See id.* ¶¶ 94, 101, 108, 115, 122 and p.32-33.

In a transparent attempt to defeat diversity jurisdiction, the Complaint also asserts three bogus tort claims against Hasheminejad and King (*See id.* ¶¶ 124-45), citizens of California. (Dhillon also asserts the same claims against Hall who, likely unbeknownst to Plaintiffs, is a citizen of Texas.) As discussed below, it is clear on the face of the Complaint that Dhillon's claims against these individuals cannot succeed and, therefore, their joinder was fraudulent and their citizenship must be disregarded for purposes of removal jurisdiction.[3]

## II. FRAUDULENT JOINDER

"Under the doctrine of fraudulent joinder, when a 'plaintiff fails to state a cause of action against a [nondiverse] defendant, and the failure is obvious according to the settled rules of the state,' the defendant's citizenship is immaterial to a complete diversity analysis." *Rand v. Midland Nat'l Life Ins.*, 857 Fed. Appx. 343, 345 (9th Cir. 2021) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)); *Pineda v. Abbot Laboratories Inc.*, 831 Fed. Appx. 238, 240-41 (9th Cir. 2020) (affirming denial of remand motion where plaintiff "did not sufficiently plead" claims against non-diverse defendant).

As discussed below, it is clear from the Complaint that Plaintiffs cannot state any viable claim against Hasheminejad or King, the only non-diverse Defendants. Plaintiff Dhillon asserts claims against Hasheminejad for battery and false imprisonment, but the Complaint does not (and cannot) allege that Hasheminejad ever touched Dhillon or restricted his movements in any way. Dhillon also asserts

---

[3] Plaintiffs also assert various claims against ten fictitious defendants, identified only as "Does 1 through 10," (*see* Complaint ¶ 11), but "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *see* 28 U.S.C. § 1441(b)(1) ("the citizenship of defendants sued under fictitious names shall be disregarded").

claims against Hasheminejad and King for intentional infliction of emotional distress, but fails to allege any facts showing that either Defendant intentionally or recklessly engaged in extreme and outrageous behavior that caused severe emotional distress.[4]

### A.   Battery

Dhillon asserts a claim for civil battery against Hasheminejad based on *Hall's* (*not* Hasheminejad's) alleged "frisking" of Dhillon during the December 7 meeting. *See* Complaint ¶¶ 25, 124-132. That claim fails because the Complaint does not, and cannot, allege that Hasheminejad touched Dhillon or caused him to be touched. *See, e.g.*, *Winters v. Jordan*, No. 2:09-cv-00522 JAM KJN PS, 2010 WL 3036725, *8 (E.D. Cal. Aug. 2, 2010) (finding plaintiff failed to allege battery because "[n]owhere in the Third Amended Complaint do plaintiffs allege any physical contact between [defendant] or any of the plaintiffs"); *So v. Shin*, 212 Cal. App. 4th 652, 669 (Cal. Ct. App. 2013) ( "essential element" of battery claim is that "defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff"). The Complaint also fails to allege facts showing that Hasheminejad intended to harm or offend Dhillon.

### B.   False Imprisonment

Dhillon also asserts a claim against Hasheminejad for false imprisonment during the December 7 meeting. *See* Complaint ¶¶ 133-40. This claim fails because it does not allege any actions by Hasheminejad that "compelled" Dhillon to come to or remain at the hotel, or that otherwise confined him or restricted his movement in any way. Indeed, the Complaint alleges that Dhillon "exited the meeting" of his own accord. *Id.* ¶ 26; *see Novak v. Merced Police Dept.*, No. 1:13-CV-1402 AWI BAM, 2014 WL 730725, *13 (E.D. Cal. Feb. 24, 2014) (dismissing false imprisonment claim because such claim requires a "nonconsensual, intentional confinement" and

---

[4] Although not relevant to the fraudulent joinder analysis, the claims asserted against Hall are also false.

"[t]here are no allegations that [defendants] even touched [plaintiff], much less restricted her movements in any way").

### C. Intentional Infliction of Emotional Distress

Finally, Dhillon asserts claims of intentional infliction of emotional distress ("IIEE") against Hasheminejad and King. *See* Complaint ¶¶ 141-145. For such claims to succeed, Dhillon must plead and prove facts showing "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the possibility of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (Cal. 2009) (quotations omitted). He must also plead and prove facts showing that such conduct caused him "'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.'" *Chose v. Accor Hotels & Resorts (Maryland) LLC*, No. 19-cv-06174-HSG, 2020 WL 759365, at *5 (N.D. Cal. Feb. 14, 2020) (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1004 (Cal. 1993)).

The allegations in the Complaint fall well short of those requirements. They fail to allege any conduct that can legitimately be characterized as "extreme and outrageous" or "exceed[ing] all bounds of that usually tolerated in a civilized community." *Hughes*, 46 Cal. 4th at 1050; *Novak*, 2014 WL 730725, at *12 ("Because the conduct pled is not sufficiently extreme and outrageous, dismissal of this claim is appropriate."). The Complaint also fails to allege any facts indicating that any Defendant acted with the requisite intent, or that Dhillon suffered severe emotional distress. Rather, it merely recites those elements in a conclusory fashion. *See* Complaint ¶¶ 143-45; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than just labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."); *Chose*, 2020 WL 759365, at *5 (dismissing IIED claim because "Plaintiff offers little more than conclusory allegations"); *Galindo v. City of*

*San Mateo*, No. 16-cv-03651-EMC, 2016 WL 7116927, *8-9 (N.D. Cal. Dec. 7, 2016) (same).

In light of the above, it is clear that Plaintiffs have not stated, and cannot state, any claim against Hasheminejad or King. Therefore, those Defendants were fraudulently joined and their citizenship is immaterial to diversity jurisdiction. *See Pineda*, 831 Fed. Appx. at 241 (affirming denial of remand motion where plaintiff "did not allege facts sufficient to plead the outrageous conduct required for a claim of IIED").

### III.   CONCLUSION

For the foregoing reasons, Defendants 7-Eleven, Hasheminejad, Hall, and King remove this action from the Superior Court of the State of California for the County of San Diego.

Dated: December 26, 2023

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ James F. Speyer
JAMES F. SPEYER
Attorneys for Defendants 7-Eleven, Inc, Kia Hasheminejad, Timothy Hall, and Bobbie King.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of December, 2023, I caused true and correct copies of the foregoing Notice of Removal and all exhibits thereto to be served on the following counsel for plaintiffs electronically and via first-class U.S. mail, postage prepaid.

Christopher L. Peterson
Peterson Law, LLP
1620 Fifth Ave., Suite 530
San Diego, CA 92101
cpeterson@petersonlawllp.com

By: /s/ James F. Speyer
    JAMES F. SPEYER
    Counsel for Defendants 7-Eleven, Inc, Kia Hasheminejad, Timothy Hall, and Bobbie King.