# **EXHIBIT 1**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** 7-ELEVEN, INC., a Texas Corporation; *(AVISO AL DEMANDADO):* KIA HASHEMINEJAD, an individual; TIMOTHY HALL, an individual; BOBBIE KING, an individual and DOES 1-10, inclusive | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* **ELECTRONICALLY FILED** Superior Court of California, County of San Diego **12/15/2023** at 12:30:14 PM Clerk of the Superior Court By Christelle Tachon, Deputy Clerk |

**YOU ARE BEING SUED BY PLAINTIFF:** JASJEET DHILLON, an individual;
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* KAMAL CREATIONS, INC., a California Corporation;
JASJEET DHILLON, INC., a California Corporation;
Additional Parties Attachment form is attached.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of San Diego 330 West Broadway San Diego, California 92101 | **CASE NUMBER:** *(Número del Caso):* 37-2023-00054530-CU-BC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peterson Law, LLP
1620 Fifth Avenue., Suite 550, San Diego, CA 92101                     619-483-3200

| DATE: *(Fecha)* 12/18/2023 | Clerk, by *(Secretario)* | C. Tachon | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  7-ELEVEN, INC., A TEXAS CORPORATION

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | 37-2023-00054530-CU-BC-CTL |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[X] Plaintiff     [ ] Defendant     [ ] Cross-Complainant     [ ] Cross-Defendant

J AND K CONVENIENCE STORE, INC., a California Corporation;
JASSI AND MIRNA, INC. a California Corporation; and
K & A CONVENIENCE STORES, INC., a California Corporation

Page   1   of   1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder™

Ex. 1
p. 12

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/15/2023** at 12:30:14 PM

Clerk of the Superior Court
By Christelle Tachon, Deputy Clerk

1 | CHRISTOPHER L. PETERSON (SBN 215069)
PETERSON LAW, LLP
2 | 1620 Fifth Ave., Suite 550
San Diego, CA, 92101
3 | Telephone: (619) 483-3200
Facsimile: (619) 393-0830
4 | Email: cpeterson@petersonlawllp.com

5 | Attorneys for Plaintiffs JASJEET DHILLON; KAMAL CREATIONS, INC.; JASJEET DHILLON, INC.; J AND K CONVENIENCE STORE, INC.; JASSI AND MIRNA, INC. and K & A
6 | CONVENIENCE STORES, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JASJEET DHILLON, an individual;<br>KAMAL CREATIONS, INC., a California<br>Corporation;<br>JASJEET DHILLON, INC., a California<br>Corporation;<br>J AND K CONVENIENCE STORE, INC., a<br>California Corporation;<br>JASSI AND MIRNA, INC., a California<br>Corporation; and<br>K & A CONVENIENCE STORES, INC., a<br>California Corporation;<br><br>          Plaintiffs,<br><br>   vs.<br><br>7-ELEVEN, INC., a Texas Corporation;<br>KIA HASHEMINEJAD, an individual;<br>TIMOTHY HALL, an individual;<br>BOBBIE KING, an individual and<br>DOES 1-10, inclusive,<br><br>          Defendants. | Case No.: 37-2023-00054530-CU-BC-CTL<br><br>**COMPLAINT FOR DAMAGES,<br>RESCISSION, AND INJUNCTIVE RELIEF** |

PETERSON LAW LLP

Plaintiff Jasjeet Dhillon (referred to herein as "Dhillon") and KAMAL CREATIONS, INC.; JASJEET DHILLON, INC.; J AND K CONVENIENCE STORE, INC.; JASSI AND MIRNA, INC. and K & A CONVENIENCE STORES, INC. (collectively referred to herein as "Store Plaintiffs") allege as follows:

## **PARTIES**

1. Plaintiff Dhillon is now, and at all times mentioned in this Complaint was a competent adult who resided at all times pertinent hereto in San Diego County, California.

2. Plaintiff KAMAL CREATIONS, INC. is and at all times relevant herein was, a California corporation and doing business in San Diego County, California. Plaintiff KAMAL CREATIONS, INC. operates the 7-Eleven® convenience store business located at 3603 College Avenue, San Diego, CA 92115 as Store No. 2131-19987C.

3. Plaintiff JASJEET DHILLON, INC. is and at all times relevant herein was, a California corporation and doing business in San Diego County, California. Plaintiff JASJEET DHILLON, INC. operates the 7-Eleven® convenience store business located at 2840 Bancroft Dr., Spring Valley, CA 91977 as Store No. 2131-13571E. Plaintiff JASJEET DHILLON, INC. operates the 7-Eleven® convenience store business located at 735 E. Bradley Avenue, El Cajon, CA 92021 as Store No. 2112-13646G. Plaintiff JASJEET DHILLON, INC. operates the 7-Eleven® convenience store business located at 410 E. Main Street, El Cajon, CA 92020 as Store No. 2131-21788E.

4. Plaintiff J AND K CONVENIENCE STORE, INC. is and at all times relevant herein was, a California corporation and doing business in San Diego County, California. Plaintiff J AND K CONVENIENCE STORE, INC. operates the 7-Eleven® convenience store business located at 1102 E. Washington Ave., El Cajon, CA 92019 as Store No. 2131-16057C. Plaintiff J AND K CONVENIENCE STORE, INC. operates the 7-Eleven® convenience store business located at 2400 Highland Ave., National City, CA 91950 as Store No. 2131-20785C. Plaintiff J AND K CONVENIENCE STORE, INC. operates the 7-Eleven® convenience store business located at 2810 El Cajon Blvd., #A, San Diego, CA 92104 as Store No. 2112-38052A.

5. Plaintiff JASSI AND MIRNA, INC. is and at all times relevant herein was, a California corporation and doing business in San Diego County, California. Plaintiff JASSI AND

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

Ex. 1
p. 14

1   MIRNA, INC. operates the 7-Eleven® convenience store business located at 290 I. St., Chula Vista,
2   CA 91910 as Store No. 2131-13582D.

3        6.      Plaintiff K & A CONVENIENCE STORES, INC. is and at all times relevant herein
4   was, a California corporation and doing business in San Diego County, California.  Plaintiff K & A
5   CONVENIENCE STORES, INC. operates the 7-Eleven® convenience store business located at 275
6   E. St., Chula Vista, CA 91910 as Store No. 2131-13591C.

7        7.      Defendant 7-ELEVEN, INC. is and at all times relevant herein was, a Texas
8   corporation and doing business in San Diego County, California.

9        8.      Defendant Kia Hasheminejad is now, and at all times mentioned in this Complaint was
10  a competent adult and the Southwest Region Director of Defendant 7-ELEVEN, INC.

11       9.      Defendant Timothy Hall is now, and at all times mentioned in this Complaint was a
12  competent adult and the Director, Asset Protection for Defendant 7-ELEVEN, INC.

13       10.     Defendant Bobbie King, is now, and at all times mentioned in this Complaint was a
14  competent adult and the Market Manager for Defendant 7-ELEVEN, INC.  who oversees the
15  operations, sales, and profitability of 143 stores in the San Diego area.

16       11.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as
17  Does 1 through 10, inclusive and therefore sue these defendants by such fictitious names.  Plaintiffs
18  will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs are
19  informed and believe and thereon allege that each of the fictitiously named defendants is responsible
20  in some manner for the occurrence herein alleged and that Plaintiffs' damages herein alleged were
21  proximately caused by such defendants.

22       12.     Plaintiffs are informed and believe, and allege thereon that defendants, and each of
23  them, are and all times herein mentioned were, the agents, servants, representatives and employees
24  of their co-defendants, and in doing the things hereinafter mentioned, were acting with the knowledge,
25  permission, consent and authorization of their co-defendants.

26                        **GENERAL ALLEGATIONS**

27       13.     Plaintiff KAMAL CREATIONS, INC. and Defendant 7-ELEVEN, INC. entered into
28  a written franchise agreement whereby Plaintiff KAMAL CREATIONS, INC. was granted the right

1   to engage in the business of offering selling or distributing goods or services under a marketing plan

2   or system prescribed in substantial part by Defendant 7-ELEVEN, INC., specifically to operate the

3   7-Eleven® convenience store business located at 3603 College Avenue, San Diego, CA 92115 as

4   Store No. 2131-19987C.   The franchise is a franchise as defined under California Business &

5   Professions Code § 20001.

6           14.   Plaintiff JASJEET DHILLON, INC. and Defendant 7-ELEVEN, INC. entered into

7   written franchise agreements whereby Plaintiff JASJEET DHILLON, INC. was granted the right to

8   engage in the business of offering selling or distributing goods or services under a marketing plan or

9   system prescribed in substantial part by Defendant 7-ELEVEN, INC., specifically to operate the 7-

10  Eleven® convenience store businesses located at 2840 Bancroft Dr., Spring Valley, CA 91977 as

11  Store No. 2131-13571E; 735 E. Bradley Avenue, El Cajon, CA 92021 as Store No. 2112-13646G

12  and 410 E. Main Street, El Cajon, CA 92020 as Store No. 2131-21788E. The franchises are franchises

13  as defined under California Business & Professions Code § 20001.

14          15.   Plaintiff J AND K CONVENIENCE STORE, INC. and Defendant 7-ELEVEN, INC.

15  entered into written franchise agreements whereby Plaintiff J AND K CONVENIENCE STORE,

16  INC. was granted the right to engage in the business of offering selling or distributing goods or

17  services under a marketing plan or system prescribed in substantial part by Defendant 7-ELEVEN,

18  INC., specifically to operate the 7-Eleven® convenience store businesses located at 1102 E.

19  Washington Ave., El Cajon, CA 92019 as Store No. 2131-16057C; 2400 Highland Ave., National

20  City, CA 91950 as Store No. 2131-20785C and 2810 El Cajon Blvd., #A, San Diego, CA 92104 as

21  Store No. 2112-38052A.   The franchises are franchises as defined under California Business &

22  Professions Code § 20001.

23          16.   Plaintiff JASSI AND MIRNA, INC.  and Defendant 7-ELEVEN, INC. entered into a

24  written franchise agreement whereby Plaintiff JASSI AND MIRNA, INC.  was granted the right to

25  engage in the business of offering selling or distributing goods or services under a marketing plan or

26  system prescribed in substantial part by Defendant 7-ELEVEN, INC., specifically to operate the 7-

27  Eleven® convenience store business located at 290 I. St., Chula Vista, CA 91910 as Store No. 2131-

28  13582D. The franchise is a franchise as defined under California Business & Professions Code §

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

PETERSON LAW LLP

1   20001.

2       17.     Plaintiff K & A CONVENIENCE STORES, INC. and Defendant 7-ELEVEN, INC.

3   entered into a written franchise agreement whereby Plaintiff K & A CONVENIENCE STORES, INC.

4   was granted the right to engage in the business of offering selling or distributing goods or services

5   under a marketing plan or system prescribed in substantial part by Defendant 7-ELEVEN, INC.,

6   specifically to operate the 7-Eleven® convenience store business located at 275 E. St., Chula Vista,

7   CA 91910 as Store No. 2131-13591C.  The franchise is a franchise as defined under California

8   Business & Professions Code § 20001.

9       18.     Plaintiff Dhillon owns one hundred percent of the shares of JASJEET DHILLON,

10  INC.  Plaintiff Dhillon owns fifty percent of the shares of KAMAL CREATIONS, INC.; JASJEET

11  DHILLON, INC.; J AND K CONVENIENCE STORE, INC.; JASSI AND MIRNA, INC. and K &

12  A CONVENIENCE STORES, INC.

13      19.     It was Plaintiff Dhillon who ran the 7-Eleven® convenience stores referenced in

14  paragraphs 2-6 to extreme success for years.  Plaintiff Dhillon's success over the years in running the

15  7-Eleven® convenience stores was at such a level that he held a coveted position with the National

16  Business Leadership Council, a group that is made up of select franchisees which facilitates

17  collaboration and problem-solving between franchisees and company leaders.  Despite the success of

18  Plaintiff Dhillon in his operation of the 7-Eleven® convenience stores and the valuable leadership

19  demonstrated during his ownership of the Plaintiff Stores, Defendant 7-ELEVEN, INC., for reasons

20  which will be uncovered during this litigation, arbitrarily took measures to strip Plaintiff Dhillon of

21  his position with the National Business Leadership Council within the last two months.  To compound

22  on its arbitrariness, Defendant 7-ELEVEN, INC. took measures to shut down all of Plaintiff Dhillon's

23  7-Eleven® convenience stores and terminate all of his entities' franchises.  It is these very franchises

24  in which Plaintiff Dhillon spent years of hard-earned money and dedicated work to make them into

25  extremely successful franchises only to have the franchises arbitrarily stolen and taken by Defendant

26  7-ELEVEN, INC.

27      20.     The theft and conversion of Plaintiff Dhillon's 7-Eleven® convenience stores was

28  accomplished in a stunning turn of events.  The removal of Plaintiff Dhillon from the National

PETERSON LAW LLP

Business Leadership Council was subsequently followed up with a phone call on December 5, 2023 that Plaintiff Dhillon received from Kia Hasheminejad who is the Southwest Region Director of Defendant 7-ELEVEN, INC. stating he would like to meet Plaintiff Dhillon on Thursday morning, December 7, 2023 at an off-site hotel to discuss possible breaches.  Stunned, Plaintiff Dhillon requested Kia Hasheminejad to elaborate on what he was talking about by "breaches".  During this same call, Kia Hasheminejad refused to provide any information as to any alleged breaches. Conveniently, Kia Hasheminejad inquired of Plaintiff Dhillon as to whether Plaintiff Dhillon will be bringing a lawyer to the December 7, 2023 meeting and, if so, that Kia Hasheminejad will be bringing a lawyer as well and, if not, then the meeting would only be between Plaintiff Dhillon and Kia Hasheminejad.

21.     Following the call, and still puzzled as to what Kia Hasheminejad was referring to during the call and obviously concerned about his livelihood, Plaintiff Dhillon sent another text to Kia Hasheminejad inquiring as to whether Kia Hasheminejad would be bringing a lawyer to the meeting. Kia Hasheminejad sent back a text to Plaintiff Dhillon on Wednesday, December 6, 2023, bearing the following message in response to Plaintiff Dhillon:

> "Good morning. I asked in regards to your question , and we will plan to have counsel in the meeting if you are bringing any attorney, but otherwise may have counsel standing by to consult as needed.
>
> ---
>
> I'll see you at 10AM at the Courtyard Marriott I mentioned in El Cajon. The full address is Courtyard Mariott- 141 Magnolia Ave., El Cajon. Everything else we can discuss in person. See you later today."

22.     Plaintiff Dhillon followed up with yet another text message to Kia Hasheminejad inquiring as whether the meeting could be moved to 11:00 a.m. and whether Mr. Hasheminejad was going to be by himself or if anyone else was coming with him.  Approximately one hour and 40 minutes later, Kia Hasheminejad simply replied via text message:  "11 is fine.  I'll be at the hotel already, just arrived.?

23.     Having known Kia Hasheminejad for years and relying on his text messages, Plaintiff Dhillon opted to go to the meeting on his own to discuss the matter thinking he would only be meeting with Kia Hasheminejad.  Unbeknownst to Plaintiff Dhillon, his world was about to be turned upside

1    down.

2        24.    On December 7, 2023, upon arriving at the hotel, Plaintiff Dhillon was stunned to see

3    that there was another person with Kia Hasheminejad. Plaintiff Dhillon inquired of Kia Hasheminejad

4    as to who the other person was, and Kia Hasheminejad advised Plaintiff Dhillon that the person was

5    also from 7-ELEVEN, INC. and that he would be attending the meeting as well. The other person's

6    name was Timothy Hall. Timothy Hall is the Director, Asset Protection for Defendant 7-ELEVEN,

7    INC.

8        25.    After Plaintiff Dhillon entered into the hotel room, Timothy Hall asked Plaintiff

9    Dhillon if Plaintiff Dhillon was carrying a gun, to which Plaintiff Dhillon replied "no". Despite

10   Plaintiff Dhillon replying "no", Timothy Hall demanded that he still needed to frisk Plaintiff Dhillon.

11   Plaintiff advised that he did not consent to such a search. Ignoring Plaintiff Dhillon's express

12   rejection of consent, Timothy Hall got up and started frisking Plaintiff Dhillon and then forced

13   Plaintiff Dhillon against his will to pull his pants up to show the group that Plaintiff Dhillon was not

14   carrying any guns.

15       26.    In a state of disbelief, Plaintiff Dhillon was then forced to listen a list of alleged

16   "breaches" that he allegedly committed, to which Plaintiff Dhillon did not admit to and to which as

17   this litigation will bear out failed to justify a termination of any of the franchise agreements set forth

18   in paragraphs 2-6 and was presented with purported Notice of Material Breach documents pertaining

19   to each of the 7-Eleven® convenience stores identified in paragraphs 2-6. Upon concluding the

20   reading of the breaches, and in clear violation of California's Business & Professions Codes, Timothy

21   Hall advised that Defendant 7-ELEVEN, INC. is cancelling the franchise agreements set forth in

22   paragraphs 2-6 and that the only option Plaintiff Dhillon had was to sign a termination and

23   management agreement with Defendant 7-ELEVEN, INC. and that they will give Plaintiff Dhillon

24   90 days to sell the 7-Eleven® convenience stores. The termination notices were provided to Plaintiff

25   Dhillon at the meeting and were signed by Timothy Hall. Kia Hasheminejad and Timothy Hall

26   advised that the 7-Eleven® convenience stores would be managed in the same manner as they had

27   been by Defendant 7-ELEVEN, INC. Plaintiff Dhillon was advised that if he did not sign off on these

28   agreements immediately, Defendant 7-ELEVEN, INC. would take over regardless and that he would

PETERSON LAW

1  have no chance to recoup any of his investments.  Scared and completely under duress, Plaintiff

2  Dhillon advised Kia Hasheminejad and Timothy Hall that Plaintiff Dhillon did not have authority to

3  fully bind the corporate entities to which he was not a one hundred percent shareholder.  Under duress

4  and fraud created by Kia Hasheminejad and Timothy Hall, and without the aid, consultation and/or

5  assistance of his own counsel, Plaintiff Dhillon executed the Termination Agreement with Goodwill

6  Sale Opportunity and Store Management Agreement for the stores owned by Plaintiffs KAMAL

7  CREATIONS, INC., JASJEET DHILLON, INC., and J AND K CONVENIENCE STORE, INC.  All

8  this time Kia Hasheminejad was going back and forth between different rooms. When Plaintiff

9  Dhillon went outside, Plaintiff Dhillon saw Defendant 7-ELEVEN, INC.'s lawyer sitting in a booth

10  and Kia Hasheminejad was consulting with him.  Subsequent to Plaintiff Dhillon's signing of the

11  Termination Agreement with Goodwill Sale Opportunity and Store Management Agreement for the

12  stores owned by Plaintiffs KAMAL CREATIONS, INC., JASJEET DHILLON, INC., and J AND K

13  CONVENIENCE STORE, INC., Plaintiff Dhillon was afforded his first opportunity to speak with

14  his own counsel after Plaintiff Dhillon's family member had made contact with an attorney for

15  Plaintiff Dhillon and made counsel aware that Plaintiff Dhillon had been summoned to a meeting with

16  Defendant 7-ELEVEN, INC.  It was counsel for Plaintiff Dhillon who reached out to Plaintiff Dhillon.

17  Prior to Plaintiff Dhillon's attorney's involvement, Plaintiff Dhillon was overwhelmed with the

18  situation and felt he had to undergo this discussion/negotiation on his own behalf given his prior

19  communications with Kia Hasheminejad.  Defendant 7-ELEVEN, INC. pressed Plaintiff Dhillon to

20  sign further Termination Agreements with Goodwill Sale Opportunity and Store Management

21  Agreements on behalf of Plaintiffs JASSI AND MIRNA, INC. and K & A CONVENIENCE

22  STORES, INC.  After Plaintiff Dhillon's counsel took over discussions with the 7-ELEVEN, INC.

23  representatives, Plaintiff Dhillon refused to sign said agreements and exited the meeting.

24         27.     Later that evening (of December 7, 2023), Plaintiff Dhillon was advised by fellow

25  shareholder Mirna Sallo (of Plaintiff JASSI & MIRNA, INC.) and Ansam Goro (of Plaintiff K & A

26  CONVENIENCE STORES, INC.) that they received calls from Defendant 7-ELEVEN, INC.

27  advising they just lost their respective 7-Eleven® convenience stores claiming Plaintiff Dhillon

28  simply "gave away" the respective 7-Eleven® convenience stores voluntarily.  This information was

1  provided to Mirna Sallo and Ansam Goro by Bobbie King, a Market Manager for Defendant 7-

2  ELEVEN, INC.  Bobbie King oversees the operations, sales, and profitability of 143 stores in the San

3  Diego area.  On December 7, 2023, at 5:48 p.m., Bobbie King called Mirna Sallo and advised that

4  she had a legal notice to read for Mirna Sallo over the phone.  Bobbie King started by saying that

5  Plaintiff Dhillon violated the franchise agreement with Defendant 7-ELEVEN, INC. and that Plaintiff

6  Dhillon was given the option to devote the store that is owned by Plaintiff Dhillon and Mirna Sallo

7  store #13582 under JASSI AND MIRNA, INC. or oversee the store until he sells his shares.  Bobbie

8  King went on to advise Mirna Sallo that Plaintiff Dhillon decided to devote the store and with that

9  being said the franchisee agreement was terminated as of 12:00 p.m. pacific time on December 7,

10  2023.  Bobbie King added that Mirna Sallo must comply with the all close out procedures and that

11  Mirna Sallo no longer will have access to operate the 7-Eleven® convenience store business located

12  at 290 I. St., Chula Vista, CA 91910 as Store No. 2131-13582D and that is now under Defendant 7-

13  ELEVEN, INC.'s possession.

14       28.    In short, Defendant 7-ELEVEN, INC. has painted a picture to the Plaintiff Dhillon's

15  fellow shareholders that he voluntarily simply sold them out.  For the 7-Eleven® convenience stores

16  that Defendant 7-ELEVEN, INC. has taken over, and Defendant 7-ELEVEN, INC.'s representation

17  that the stores will be managed as they had been by Plaintiff Dhillon, the facts are to the contrary.

18  Defendant 7-ELEVEN, INC. is taking measures to ensure there are no profits left for Plaintiff Stores.

19  Defendant 7-ELEVEN, INC. is lowering the prices that Plaintiffs normally utilized when running the

20  Plaintiff Stores while at the same time taking measures to increase expenses by unnecessarily

21  increasing the amount of labor needed to run the store and unreasonably spending excessive amounts

22  for alleged repairs to the Plaintiff Stores.

23       29.    Finally, to add further insult to injury, Defendant 7-ELEVEN, INC. began spreading

24  rumors that have made it out to the public that Plaintiff Dhillon was running a drug operation from

25  the Plaintiff Stores.  Obviously, said rumors are wholly false.

26  / / /

27  / / /

28  / / /

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

PETERSON LAW LLP

**FIRST CAUSE OF ACTION**

**RESCISSION OF CONTRACT (AGREEMENT WITH GOODWILL SALE**

**OPPORTUNITY AND STORE MANAGEMENT AGREEMENT)**

(By Plaintiffs Dhillon, JASJEET DHILLON, INC. and KAMAL CREATIONS, INC.

against Defendant 7-ELEVEN, INC. and Does 1-10)

30.     Plaintiffs Dhillon, JASJEET DHILLON, INC. and KAMAL CREATIONS, INC. incorporate Paragraphs 1 through 29 inclusive above as if the same were set forth at length herein.

31.     The purported AGREEMENT WITH GOODWILL SALE OPPORTUNITY AND STORE MANAGEMENT AGREEMENT contains a confidentiality clause. Defendant 7-ELEVEN, INC. seeks to apply the purported AGREEMENT WITH GOODWILL SALE OPPORTUNITY AND STORE MANAGEMENT AGREEMENT to the stores operated by Plaintiffs JASJEET DHILLON, INC. and KAMAL CREATIONS, INC. The purported AGREEMENT WITH GOODWILL SALE OPPORTUNITY AND STORE MANAGEMENT AGREEMENT is purportedly signed by Plaintiff Dhillon individually purportedly on behalf of JASJEET DHILLON, INC.; J AND K CONVENIENCE STORE, INC. and KAMAL CREATIONS, INC.

32.     Pursuant to Civil Code §1689, (b) A party to a contract may rescind the contract in the following cases:

(1) If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party.

(2) If the consideration for the obligation of the rescinding party fails, in whole or in part, through the fault of the party as to whom he rescinds.

(3) If the consideration for the obligation of the rescinding party becomes entirely void from any cause.

(4) If the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause.

(5) If the contract is unlawful for causes which do not appear in its terms or conditions, and

PETERSON LAW LLP

1  the parties are not equally at fault.

2      (6) If the public interest will be prejudiced by permitting the contract to stand.

3      33.    As set forth in Paragraphs 20-26, Plaintiff Dhillon was under complete duress and was

4  lured to the meeting under false pretenses.  Defendant 7-ELEVEN, INC.'s use of the attorney being

5  on "Stand by" to most would imply someone who could be made available via phone, not someone

6  lurking in an adjacent room.  The frisking situation is used as an intimidation factor.  Plaintiff Dhillon

7  is then presented with take it or leave it dire offers that are against the law as the termination was

8  done with no opportunity to cure and for no reason that would satisfy such a termination under

9  Business & Professions Code § 20021.  Defendant 7-ELEVEN, INC. flexed such an extreme and

10 unreasonable power of superiority to unduly influence and fraudulently cause Plaintiff Dhillon to

11 execute the purported AGREEMENT WITH GOODWILL SALE OPPORTUNITY AND STORE

12 MANAGEMENT AGREEMENT prior to Plaintiff Dhillon's own counsel getting involved in the

13 situation.

14     34.    Service of the summons and pleading in this action constitutes notice of rescission of

15 the AGREEMENT WITH GOODWILL SALE OPPORTUNITY AND STORE MANAGEMENT

16 AGREEMENT between Plaintiffs Dhillon, JASJEET DHILLON, INC. and KAMAL CREATIONS,

17 INC. and Defendant 7-ELEVEN, INC. and an offer to restore benefits received, as provided in section

18 1691 of the Code of Civil Procedure.

19                    **SECOND CAUSE OF ACTION**

20         **RESCISSION OF CONTRACT (AGREEMENT WITH GOODWILL SALE**

21           **OPPORTUNITY AND STORE MANAGEMENT AGREEMENT)**

22     (By Plaintiffs Dhillon and J AND K CONVENIENCE STORE, INC. against Defendant 7-

23 ELEVEN, INC. and Does 1-10)

24     35.    Plaintiffs Dhillon and J AND K CONVENIENCE STORE, INC. incorporate

25 Paragraphs 1 through 34 inclusive above as if the same were set forth at length herein.

26     36.    In addition to the reasons set forth under Paragraphs 1-34, Plaintiff J AND K

27 CONVENIENCE STORE, INC. is also entitled to rescind the purported AGREEMENT WITH

28 GOODWILL SALE OPPORTUNITY AND STORE MANAGEMENT AGREEMENT on the

PETERSON LAW₁₁ₚ

1   grounds that it is also void due in part that the purported agreement lacks appropriate signatures.

2   Kamalpreet Dhillon is the Chief Financial Officer of J AND K CONVENIENCE STORE, INC.

3   Kamalpreet Dhillon did not execute the purported AGREEMENT WITH GOODWILL SALE

4   OPPORTUNITY AND STORE MANAGEMENT AGREEMENT.  Plaintiff Dhillon advised Kia

5   Hasheminejad and Timothy Hall that Plaintiff Dhillon did not have authority to fully bind the

6   corporate entities to which he was not a one hundred percent shareholder.  Accordingly, pursuant to

7   California's Corporations Code §313, this purported AGREEMENT WITH GOODWILL SALE

8   OPPORTUNITY AND STORE MANAGEMENT AGREEMENT is not binding upon J AND K

9   CONVENIENCE STORE, INC.  for this reason (and for all of the other reasons set forth in the First

10  Cause of Action.

11      37.     Service of the summons and pleading in this action constitutes notice of rescission of

12  the AGREEMENT WITH GOODWILL SALE OPPORTUNITY AND STORE MANAGEMENT

13  AGREEMENT between Plaintiffs Dhillon, JASJEET DHILLON, INC. and J AND K

14  CONVENIENCE STORE, INC. and Defendant 7-ELEVEN, INC. and an offer to restore benefits

15  received, as provided in section 1691 of the Code of Civil Procedure.

16                    **THIRD CAUSE OF ACTION**

17          **VIOLATION OF BUSINESS & PROFESSIONS CODE § 20021**

18      (By Plaintiff KAMAL CREATIONS, INC. against Defendant 7-ELEVEN, INC. and Does

19                              1-10)

20      38.     Plaintiff KAMAL CREATIONS, INC. incorporates Paragraphs 1 through 37 inclusive

21  above as if the same were set forth at length herein.

22      39.     Plaintiff KAMAL CREATIONS, INC. and Defendant 7-ELEVEN, INC. entered into

23  a written franchise agreement whereby Plaintiff KAMAL CREATIONS, INC. was granted the right

24  to engage in the business of offering selling or distributing goods or services under a marketing plan

25  or system prescribed in substantial part by Defendant 7-ELEVEN, INC., specifically to operate the

26  7-Eleven® convenience store business located at 3603 College Avenue, San Diego, CA 92115 as

27  Store No. 2131-19987C.

28      40.     Pursuant to Business & Professions Code § 20021:

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**          p. 24

"If during the period in which the franchise is in effect, there occurs any of the following events which is relevant to the franchise, immediate notice of termination without an opportunity to cure, shall be deemed reasonable:

(a) The franchisee or the business to which the franchise relates has been the subject of an order for relief in bankruptcy, judicially determined to be insolvent, all or a substantial part of the assets thereof are assigned to or for the benefit of any creditor, or the franchisee admits his or her inability to pay his or her debts as they come due;

(b) The franchisee abandons the franchise by failing to operate the business for five consecutive days during which the franchisee is required to operate the business under the terms of the franchise, or any shorter period after which it is not unreasonable under the facts and circumstances for the franchisor to conclude that the franchisee does not intend to continue to operate the franchise, unless such failure to operate is due to fire, flood, earthquake, or other similar causes beyond the franchisee's control;

(c) The franchisor and franchisee agree in writing to terminate the franchise;

(d) The franchisee makes any material misrepresentations relating to the acquisition of the franchise business or the franchisee engages in conduct which reflects materially and unfavorably upon the operation and reputation of the franchise business or system;

(e) The franchisee fails, for a period of 10 days after notification of noncompliance, to comply with any federal, state, or local law or regulation, including, but not limited to, all health, safety, building, and labor laws or regulations applicable to the operation of the franchise;

(f) The franchisee, after curing any failure in accordance with Section 20020 engages in the same noncompliance whether or not such noncompliance is corrected after notice;

(g) The franchisee repeatedly fails to comply with one or more requirements of the franchise, whether or not corrected after notice;

(h) The franchised business or business premises of the franchise are seized, taken over, or foreclosed by a government official in the exercise of his or her duties, or seized, taken over, or foreclosed by a creditor, lienholder, or lessor, provided that a final judgment against the franchisee remains unsatisfied for 30 days (unless a supersedeas or other appeal bond has been filed); or a levy

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

Ex. 1
p. 25

1    of execution has been made upon the license granted by the franchise agreement or upon any property

2    used in the franchised business, and it is not discharged within five days of such levy;

3    (i) The franchisee is convicted of a felony or any other criminal misconduct which is relevant

4    to the operation of the franchise;

5    (j) The franchisee fails to pay any franchise fees or other amounts due to the franchisor or its

6    affiliate within five days after receiving written notice that such fees are overdue; or

7    (k) The franchisor makes a reasonable determination that continued operation of the franchise

8    by the franchisee will result in an imminent danger to public health or safety.

9    (l) If the franchise expressly permits termination under such circumstances, there is a lawful

10   termination or nonrenewal of a separate motor fuel franchise governed by provisions of the Petroleum

11   Marketing Practices Act (15 U.S.C. Secs. 2801 to 2807, inclusive) that is operated by the franchisee

12   or affiliate of the franchisee located at the same business premises if both franchises are granted by

13   the same franchisor or an affiliate of the franchisor. "Affiliate" shall have the same meaning as set

14   forth in subdivision (k) of Section 31005.5 of the Corporations Code.

15   41.   Defendant 7-ELEVEN, INC. improperly terminated the written franchise agreement

16   without any opportunity to cure for Plaintiff KAMAL CREATIONS, INC. There were no grounds

17   to terminate the written franchise agreement under the Business & Professions Code period, in

18   addition to no grounds under Business & Professions Code § 20021 to terminate the franchise

19   agreement immediately without notice.

20   42.   Pursuant to Business & Professions Code § 20035(a), Plaintiff KAMAL

21   CREATIONS, INC. shall be entitled to receive from Defendant 7-ELEVEN, INC., the fair market

22   value of the franchised business and franchise assets and any other damages caused by the violation

23   of this chapter.

24   43.   Pursuant to Business & Professions Code § 20035(b), Plaintiff KAMAL

25   CREATIONS, INC. is entitled to a preliminary and permanent injunction for this improper

26   termination.

27   / / /

28   / / /

PETERSON LAW<sub>LLC</sub>

## FOURTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 20021

(By Plaintiff JASJEET DHILLON, INC. against Defendant 7-ELEVEN, INC. and Does 1-10)

44.      Plaintiff JASJEET DHILLON, INC. incorporates Paragraphs 1 through 37 and 40 inclusive above as if the same were set forth at length herein.

45.      Plaintiff JASJEET DHILLON, INC. and Defendant 7-ELEVEN, INC. entered into written franchise agreements whereby Plaintiff JASJEET DHILLON, INC. was granted the right to engage in the business of offering selling or distributing goods or services under a marketing plan or system prescribed in substantial part by Defendant 7-ELEVEN, INC., specifically to operate the 7-Eleven® convenience store businesses located at 2840 Bancroft Dr., Spring Valley, CA 91977 as Store No. 2131-13571E; 735 E. Bradley Avenue, El Cajon, CA 92021 as Store No. 2112-13646G and 410 E. Main Street, El Cajon, CA 92020 as Store No. 2131-21788E.

46.      Defendant 7-ELEVEN, INC. improperly terminated the written franchise agreements without any opportunity to cure for Plaintiff JASJEET DHILLON, INC.  There were no grounds to terminate the written franchise agreements under the Business & Professions Code period, in addition to no grounds under Business & Professions Code § 20021 to terminate the franchise agreements immediately without notice.

47.      Pursuant to Business & Professions Code § 20035(a), Plaintiff JASHEET DHILLON, INC. shall be entitled to receive from Defendant 7-ELEVEN, INC., the fair market value of the franchised businesses and franchises' assets and any other damages caused by the violation of this chapter.

48.      Pursuant to Business & Professions Code § 20035(b), Plaintiff JASJEET DHILLON, INC. is entitled to a preliminary and permanent injunction for this improper termination.

## FIFTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 20021

(By Plaintiff J AND K CONVENIENCE STORE, INC. against Defendant 7-ELEVEN, INC. and Does 1-10)

49.      Plaintiff J AND K CONVENIENCE STORE, INC. incorporates Paragraphs 1 through

1 | 37 and 40 inclusive above as if the same were set forth at length herein.

2 |      50.    Plaintiff J AND K CONVENIENCE STORE, INC. and Defendant 7-ELEVEN, INC.

3 | entered into written franchise agreements whereby Plaintiff J AND K CONVENIENCE STORE,

4 | INC. was granted the right to engage in the business of offering selling or distributing goods or

5 | services under a marketing plan or system prescribed in substantial part by Defendant 7-ELEVEN,

6 | INC., specifically to operate the 7-Eleven® convenience store businesses located at 1102 E.

7 | Washington Ave., El Cajon, CA 92019 as Store No. 2131-16057C; 2400 Highland Ave., National

8 | City, CA 91950 as Store No. 2131-20785C and 2810 El Cajon Blvd., #A, San Diego, CA 92104 as

9 | Store No. 2112-38052A.

10 |      51.    Defendant 7-ELEVEN, INC. improperly terminated the written franchise agreements

11 | without any opportunity to cure for Plaintiff J AND K CONVENIENCE STORE, INC. There were

12 | no grounds to terminate the written franchise agreements under the Business & Professions Code

13 | period, in addition to no grounds under Business & Professions Code § 20021 to terminate the

14 | franchise agreements immediately without notice.

15 |      52.    Pursuant to Business & Professions Code § 20035(a), Plaintiff J AND K

16 | CONVENIENCE STORE, INC. shall be entitled to receive from Defendant 7-ELEVEN, INC., the

17 | fair market value of the franchised businesses and franchises' assets and any other damages caused

18 | by the violation of this chapter.

19 |      53.    Pursuant to Business & Professions Code § 20035(b), Plaintiff J AND K

20 | CONVENIENCE STORE, INC. is entitled to a preliminary and permanent injunction for this

21 | improper termination.

22 | **SIXTH CAUSE OF ACTION**

23 | **VIOLATION OF BUSINESS & PROFESSIONS CODE § 20021**

24 | (By Plaintiff JASSI AND MIRNA, INC. against Defendant 7-ELEVEN, INC. and Does 1-

25 | 10)

26 |      54.    Plaintiff JASSI AND MIRNA, INC. incorporates Paragraphs 1 through 37 and 40

27 | inclusive above as if the same were set forth at length herein.

28 |      55.    Plaintiff JASSI AND MIRNA, INC. and Defendant 7-ELEVEN, INC. entered into a

*PETERSON LAW*LLP

COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF

Ex. 1
p. 28

PETERSON LAW LLP

1  written franchise agreement whereby Plaintiff JASSI AND MIRNA, INC. was granted the right to

2  engage in the business of offering selling or distributing goods or services under a marketing plan or

3  system prescribed in substantial part by Defendant 7-ELEVEN, INC., specifically to operate the 7-

4  Eleven® convenience store business located at 290 I. St., Chula Vista, CA 91910 as Store No. 2131-

5  13582D.

6      56.    Defendant 7-ELEVEN, INC. improperly terminated the written franchise agreement

7  without any opportunity to cure for Plaintiff JASSI AND MIRNA, INC.  There were no grounds to

8  terminate the written franchise agreement under the Business & Professions Code period, in addition

9  to no grounds under Business & Professions Code § 20021 to terminate the franchise agreement

10  immediately without notice.

11      57.    Pursuant to Business & Professions Code § 20035(a), Plaintiff JASSI AND MIRNA,

12  INC. shall be entitled to receive from Defendant 7-ELEVEN, INC., the fair market value of the

13  franchised business and franchise assets and any other damages caused by the violation of this

14  chapter.

15      58.    Pursuant to Business & Professions Code § 20035(b), Plaintiff JASSI AND MIRNA,

16  INC. is entitled to a preliminary and permanent injunction for this improper termination.

17  **SEVENTH CAUSE OF ACTION**

18  **VIOLATION OF BUSINESS & PROFESSIONS CODE § 20021**

19  (By Plaintiff K & A CONVENIENCE STORES, INC.  against Defendant 7-ELEVEN, INC.

20  and Does 1-10)

21      59.    Plaintiff K & A CONVENIENCE STORES, INC.  incorporates Paragraphs 1 through

22  37 and 40 inclusive above as if the same were set forth at length herein.

23      60.    Plaintiff K & A CONVENIENCE STORES, INC. and Defendant 7-ELEVEN, INC.

24  entered into a written franchise agreement whereby Plaintiff K & A CONVENIENCE STORES, INC.

25  was granted the right to engage in the business of offering selling or distributing goods or services

26  under a marketing plan or system prescribed in substantial part by Defendant 7-ELEVEN, INC.,

27  specifically to operate the 7-Eleven® convenience store business located at 275 E. St., Chula Vista,

28  CA 91910 as Store No. 2131-13591C.

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

61.     Defendant 7-ELEVEN, INC. improperly terminated the written franchise agreement without any opportunity to cure for Plaintiff K & A CONVENIENCE STORES, INC.  There were no grounds to terminate the written franchise agreement under the Business & Professions Code period, in addition to no grounds under Business & Professions Code § 20021 to terminate the franchise agreement immediately without notice.

62.     Pursuant to Business & Professions Code § 20035(a), Plaintiff K & A CONVENIENCE STORES, INC.  shall be entitled to receive from Defendant 7-ELEVEN, INC., the fair market value of the franchised business and franchise assets and any other damages caused by the violation of this chapter.

63.     Pursuant to Business & Professions Code § 20035(b), Plaintiff K & A CONVENIENCE STORES, INC. is entitled to a preliminary and permanent injunction for this improper termination.

## EIGHTH CAUSE OF ACTION

## BREACH OF CONTRACT

(By Plaintiff KAMAL CREATIONS, INC. against Defendant 7-ELEVEN, INC. and Does 1-10)

64.     Plaintiff KAMAL CREATIONS, INC. incorporates Paragraphs 1 through 43 inclusive above as if the same were set forth at length herein.

65.     Plaintiff KAMAL CREATIONS, INC. and Defendant 7-ELEVEN, INC. entered into a written franchise agreement whereby Plaintiff KAMAL CREATIONS, INC. was granted the right to engage in the business of offering selling or distributing goods or services under a marketing plan or system prescribed in substantial part by Defendant 7-ELEVEN, INC., specifically to operate the 7-Eleven® convenience store business located at 3603 College Avenue, San Diego, CA 92115 as Store No. 2131-19987C.

66.     Defendant 7-ELEVEN, INC. breached the franchise agreement when it improperly terminated the written franchise agreement without any opportunity to cure for Plaintiff KAMAL CREATIONS, INC.  There were no grounds to terminate the written franchise agreement under the Business & Professions Code period, in addition to no grounds under Business & Professions Code

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

1  § 20021 to terminate the franchise agreement immediately without notice.

2        67.    Plaintiff KAMAL CREATIONS, INC. was harmed by Defendant 7-ELEVEN INC.'s

3  aforementioned breaches. Plaintiff KAMAL CREATIONS, INC. was unable to operate its business

4  and has been damaged in an amount equal to the benefit to which it was entitled to under the franchise

5  agreement, plus interest thereon; profits on the business all in an amount according to proof at trial.

6  Plaintiff KAMAL CREATIONS, INC. has also been damaged by a loss of clientele all in amount

7  according to proof at trial.

8        68.    Defendant 7-ELEVEN, INC.'s breach of contract was a substantial factor in causing

9  Plaintiff KAMAL CREATIONS, INC.'s harm.

10  **NINTH CAUSE OF ACTION**

11  **BREACH OF CONTRACT**

12    (By Plaintiff JASHEET DHILLON, INC. against Defendant 7-ELEVEN, INC. and Does 1-10)

13        69.    Plaintiff JASHEET DHILLON, INC. incorporates Paragraphs 1 through 37, 40 and

14  44-48 inclusive above as if the same were set forth at length herein.

15        70.    Plaintiff JASJEET DHILLON, INC. and Defendant 7-ELEVEN, INC. entered into

16  written franchise agreements whereby Plaintiff JASJEET DHILLON, INC. was granted the right to

17  engage in the business of offering selling or distributing goods or services under a marketing plan or

18  system prescribed in substantial part by Defendant 7-ELEVEN, INC., specifically to operate the 7-

19  Eleven® convenience store businesses located at 2840 Bancroft Dr., Spring Valley, CA 91977 as

20  Store No. 2131-13571E; 735 E. Bradley Avenue, El Cajon, CA 92021 as Store No. 2112-13646G

21  and 410 E. Main Street, El Cajon, CA 92020 as Store No. 2131-21788E.

22        71.    Defendant 7-ELEVEN, INC. breached the franchise agreements when it improperly

23  terminated the written franchise agreements without any opportunity to cure for JASJEET

24  DHILLON, INC. There were no grounds to terminate the written franchise agreements under the

25  Business & Professions Code period, in addition to no grounds under Business & Professions Code

26  § 20021 to terminate the franchise agreements immediately without notice.

27        72.    Plaintiff JASJEET DHILLON, INC. was harmed by Defendant 7-ELEVEN INC.'s

28  aforementioned breaches. Plaintiff JASJEET DHILLON, INC. was unable to operate its businesses

PETERSON LAW℠

1    and has been damaged in an amount equal to the benefit to which it was entitled to under the franchise

2    agreements, plus interest thereon; profits on the businesses all in an amount according to proof at trial.

3    Plaintiff JASJEET DHILLON, INC. has also been damaged by a loss of clientele all in amount

4    according to proof at trial.

5          73.    Defendant 7-ELEVEN, INC.'s breach of each contract was a substantial factor in

6    causing Plaintiff JASJEET DHILLON, INC.'s harm.

7                          **TENTH CAUSE OF ACTION**

8                            **BREACH OF CONTRACT**

9          (By Plaintiff J AND K CONVENIENCE STORE, INC. against Defendant 7-ELEVEN,

10                              INC. and Does 1-10)

11         74.    Plaintiff J AND K CONVENIENCE STORE, INC. incorporates Paragraphs 1 through

12   37, 40 and 49-53 inclusive above as if the same were set forth at length herein.

13         75.    Plaintiff J AND K CONVENIENCE STORE, INC. and Defendant 7-ELEVEN, INC.

14   entered into written franchise agreements whereby Plaintiff J AND K CONVENIENCE STORE,

15   INC. was granted the right to engage in the business of offering selling or distributing goods or

16   services under a marketing plan or system prescribed in substantial part by Defendant 7-ELEVEN,

17   INC., specifically to operate the 7-Eleven® convenience store businesses located at 1102 E.

18   Washington Ave., El Cajon, CA 92019 as Store No. 2131-16057C; 2400 Highland Ave., National

19   City, CA 91950 as Store No. 2131-20785C and 2810 El Cajon Blvd., #A, San Diego, CA 92104 as

20   Store No. 2112-38052A.

21         76.    Defendant 7-ELEVEN, INC. breached the franchise agreements when it improperly

22   terminated the written franchise agreements without any opportunity to cure for J AND K

23   CONVENIENCE STORE, INC.   There were no grounds to terminate the written franchise

24   agreements under the Business & Professions Code period, in addition to no grounds under Business

25   & Professions Code § 20021 to terminate the franchise agreements immediately without notice.

26         77.    Plaintiff J AND K CONVENIENCE STORE, INC. was harmed by Defendant 7-

27   ELEVEN INC.'s aforementioned breaches. Plaintiff J AND K CONVENIENCE STORE, INC. was

28   unable to operate its businesses and has been damaged in an amount equal to the benefit to which it

PETERSON LAW LLP

was entitled to under the franchise agreements, plus interest thereon; profits on the businesses all in an amount according to proof at trial. Plaintiff J AND K CONVENIENCE STORE, INC. has also been damaged by a loss of clientele all in amount according to proof at trial.

78.     Defendant 7-ELEVEN, INC.'s breach of each contract was a substantial factor in causing Plaintiff J AND K CONVENIENCE STORE, INC.'s harm.

## ELEVENTH CAUSE OF ACTION

### BREACH OF CONTRACT

(By Plaintiff JASSI AND MIRNA, INC. against Defendant 7-ELEVEN, INC. and Does 1-10)

79.     Plaintiff JASSI AND MIRNA, INC. incorporates Paragraphs 1 through 37, 40 and 54-58 inclusive above as if the same were set forth at length herein.

80.     Plaintiff JASSI AND MIRNA, INC. and Defendant 7-ELEVEN, INC. entered into a written franchise agreement whereby Plaintiff JASSI AND MIRNA, INC. was granted the right to engage in the business of offering selling or distributing goods or services under a marketing plan or system prescribed in substantial part by Defendant 7-ELEVEN, INC., specifically to operate the 7-Eleven® convenience store business located at 290 I. St., Chula Vista, CA 91910 as Store No. 2131-13582D.

81.     Defendant 7-ELEVEN, INC. breached the franchise agreement when it improperly terminated the written franchise agreement without any opportunity to cure for Plaintiff JASSI AND MIRNA, INC.  There were no grounds to terminate the written franchise agreement under the Business & Professions Code period, in addition to no grounds under Business & Professions Code § 20021 to terminate the franchise agreement immediately without notice.

82.     Plaintiff JASSI AND MIRNA, INC. was harmed by Defendant 7-ELEVEN INC.'s aforementioned breaches. Plaintiff JASSI AND MIRNA, INC. was unable to operate its business and has been damaged in an amount equal to the benefit to which it was entitled under the franchise agreement, plus interest thereon; profits on the business all in an amount according to proof at trial. Plaintiff JASSI AND MIRNA, INC. has also been damaged by a loss of clientele all in amount according to proof at trial.

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

PETERSON LAW LLP

83.     Defendant 7-ELEVEN, INC.'s breach of contract was a substantial factor in causing Plaintiff JASSI AND MIRNA, INC.'s harm.

### TWELFTH CAUSE OF ACTION

### BREACH OF CONTRACT

(By Plaintiff K & A CONVENIENCE STORES, INC. against Defendant 7-ELEVEN, INC. and Does 1-10)

84.     Plaintiff K & A CONVENIENCE STORES, INC. incorporates Paragraphs 1 through 37, 40 and 59-63 inclusive above as if the same were set forth at length herein.

85.     Plaintiff K & A CONVENIENCE STORES, INC. and Defendant 7-ELEVEN, INC. entered into a written franchise agreement whereby Plaintiff K & A CONVENIENCE STORES, INC. was granted the right to engage in the business of offering selling or distributing goods or services under a marketing plan or system prescribed in substantial part by Defendant 7-ELEVEN, INC., specifically to operate the 7-Eleven® convenience store business located at 275 E. St., Chula Vista, CA 91910 as Store No. 2131-13591C.

86.     Defendant 7-ELEVEN, INC. breached the franchise agreement when it improperly terminated the written franchise agreement without any opportunity to cure for Plaintiff K & A CONVENIENCE STORES, INC. There were no grounds to terminate the written franchise agreement under the Business & Professions Code period, in addition to no grounds under Business & Professions Code § 20021 to terminate the franchise agreement immediately without notice.

87.     Plaintiff K & A CONVENIENCE STORES, INC. was harmed by Defendant 7-ELEVEN INC.'s aforementioned breaches. Plaintiff K & A CONVENIENCE STORES, INC. was unable to operate its business and has been damaged in an amount equal to the benefit to which it was entitled to under the franchise agreement, plus interest thereon; profits on the business all in an amount according to proof at trial. Plaintiff K & A CONVENIENCE STORES, INC. has also been damaged by a loss of clientele all in amount according to proof at trial.

88.     Defendant 7-ELEVEN, INC.'s breach of contract was a substantial factor in causing Plaintiff K & A CONVENIENCE STORES, INC.'s harm.

///

PETERSON LAW LLP

**THIRTEENTH CAUSE OF ACTION**

**CONVERSION**

(By Plaintiff KAMAL CREATIONS, INC. against Defendant 7-ELEVEN, INC. and Does 1-10)

89.     Plaintiff KAMAL CREATIONS, INC. incorporates Paragraphs 1 through 43 and 64-68 inclusive above as if the same were set forth at length herein.

90.     Plaintiff KAMAL CREATIONS, INC. and Defendant 7-ELEVEN, INC. entered into a written franchise agreement whereby Plaintiff KAMAL CREATIONS, INC. was granted the right to engage in the business of offering selling or distributing goods or services under a marketing plan or system prescribed in substantial part by Defendant 7-ELEVEN, INC., specifically to operate the 7-Eleven® convenience store business located at 3603 College Avenue, San Diego, CA 92115 as Store No. 2131-19987C.   The franchise is a franchise as defined under California Business & Professions Code § 20001.

91.     On December 7, 2023, Defendant 7-ELEVEN, INC. substantially interfered with Plaintiff KAMAL CREATIONS, INC.'s franchise by illegally terminating the franchise and denying Plaintiff KAMAL CREATIONS, INC. its franchise, including the right to possess and operate the franchise.

92.     Plaintiff KAMAL CREATIONS, INC. did not consent to Defendant 7-ELEVEN, INC.'s illegal termination of the franchise and denying Plaintiff KAMAL CREATIONS, INC. its franchise, including the right to possess and operate the franchise.

93.     Plaintiff KAMAL CREATIONS, INC. was harmed by Defendant 7-ELEVEN, INC.'s illegal termination of the franchise and denying Plaintiff KAMAL CREATIONS, INC. its franchise, including the right to possess and operate the franchise.

94.     Defendant 7-ELEVEN, INC's conduct in illegally terminating the franchise and denying Plaintiff KAMAL CREATIONS, INC. its franchise, including the right to possess and operate the franchise was a substantial factor in causing Plaintiff KAMAL CREATIONS, INC.'s harm in an amount greater than $25,000.00.

95.     Defendant 7-ELEVEN, INC. was acting with full knowledge of the consequences and

PETERSON LAW LLP

1    damages being caused to Plaintiff KAMAL CREATIONS, INC. and in terminating the franchise and

2    denying Plaintiff KAMAL CREATIONS, INC. its franchise, including the right to possess and

3    operate the franchise, 7-ELEVEN, INC.'S conduct was conscious, willful, oppressive and malicious.

4    The actions were and are not only ratified by, but they were actually undertaken by directors of 7-

5    ELEVEN, INC.  Defendant Kia Hasheminejad is now, and at all times mentioned in this Complaint

6    was a competent adult and the Southwest Region Director of Defendant 7-ELEVEN, INC.  Defendant

7    Timothy Hall is now, and at all times mentioned in this Complaint was a competent adult and the

8    Director, Asset Protection for Defendant 7-ELEVEN, INC.  Defendant Bobbie King, is now, and at

9    all times mentioned in this Complaint was a competent adult and the Market Manager for Defendant

10   7-ELEVEN, INC. who oversees the operations, sales, and profitability of 143 stores in the San Diego

11   area.  Accordingly, Plaintiff KAMAL CREATIONS, INC. is entitled to punitive damages against

12   Defendant 7-ELEVEN in an amount according to proof.

### FOURTEENTH CAUSE OF ACTION

### CONVERSION

(By Plaintiff JASJEET DHILLON, INC. against Defendant 7-ELEVEN, INC. and Does 1-10)

16        96.     Plaintiff JASJEET DHILLON, INC. incorporates Paragraphs 1 through 37, 40, 44-48

17   and 69-73 inclusive above as if the same were set forth at length herein.

18        97.     Plaintiff JASJEET DHILLON, INC. and Defendant 7-ELEVEN, INC. entered into

19   written franchise agreements whereby Plaintiff JASJEET DHILLON, INC. was granted the right to

20   engage in the business of offering selling or distributing goods or services under a marketing plan or

21   system prescribed in substantial part by Defendant 7-ELEVEN, INC., specifically to operate the 7-

22   Eleven® convenience store businesses located at 2840 Bancroft Dr., Spring Valley, CA 91977 as

23   Store No. 2131-13571E; 735 E. Bradley Avenue, El Cajon, CA 92021 as Store No. 2112-13646G

24   and 410 E. Main Street, El Cajon, CA 92020 as Store No. 2131-21788E.

25        98.     On December 7, 2023, Defendant 7-ELEVEN, INC. substantially interfered with

26   Plaintiff JASJEET DHILLON, INC.'s franchises by illegally terminating the franchises and denying

27   Plaintiff JASJEET DHILLON, INC. its franchises, including the right to possess and operate the

28   franchises.

- 23 -

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

99.     Plaintiff JASJEET DHILLON, INC. did not consent to Defendant 7-ELEVEN, INC.'s illegal termination of the franchises and denying Plaintiff JASJEET DHILLON, INC. its franchises, including the right to possess and operate the franchises.

100.    Plaintiff JASJEET DHILLON, INC. was harmed by Defendant 7-ELEVEN, INC.'s illegal termination of the franchises and denying Plaintiff JASJEET DHILLON, INC. its franchises, including the right to possess and operate the franchises.

101.    Defendant 7-ELEVEN, INC's conduct in illegally terminating the franchises and denying Plaintiff JASJEET DHILLON, INC. its franchises, including the right to possess and operate the franchises was a substantial factor in causing Plaintiff JASJEET DHILLON, INC.'s harm in an amount greater than $25,000.00.

102.    Defendant 7-ELEVEN, INC. was acting with full knowledge of the consequences and damages being caused to Plaintiff JASJEET DHILLON, INC. and in terminating the franchises and denying Plaintiff JASJEET DHILLON, INC. its franchises, including the right to possess and operate the franchises, 7-ELEVEN, INC.'S conduct was conscious, willful, oppressive and malicious.  The actions were and are not only ratified by, but they were actually undertaken by directors of 7-ELEVEN, INC.  Defendant Kia Hasheminejad is now, and at all times mentioned in this Complaint was a competent adult and the Southwest Region Director of Defendant 7-ELEVEN, INC.  Defendant Timothy Hall is now, and at all times mentioned in this Complaint was a competent adult and the Director, Asset Protection for Defendant 7-ELEVEN, INC.  Defendant Bobbie King, is now, and at all times mentioned in this Complaint was a competent adult and the Market Manager for Defendant 7-ELEVEN, INC. who oversees the operations, sales, and profitability of 143 stores in the San Diego area.  Accordingly, Plaintiff JASJEET DHILLON, INC. is entitled to punitive damages against Defendant 7-ELEVEN in an amount according to proof.

## FIFTEENTH CAUSE OF ACTION

## CONVERSION

(By Plaintiff J AND K CONVENIENCE STORE, INC. against Defendant 7-ELEVEN, INC. and Does 1-10)

103.    Plaintiff J AND K CONVENIENCE STORE, INC. incorporates Paragraphs 1 through

1 │ 37, 40, 49-53 and 74-78 inclusive above as if the same were set forth at length herein.

2 │     104.    Plaintiff J AND K CONVENIENCE STORE, INC. and Defendant 7-ELEVEN, INC.

3 │ entered into written franchise agreements whereby Plaintiff J AND K CONVENIENCE STORE,

4 │ INC. was granted the right to engage in the business of offering selling or distributing goods or

5 │ services under a marketing plan or system prescribed in substantial part by Defendant 7-ELEVEN,

6 │ INC., specifically to operate the 7-Eleven® convenience store businesses located at 1102 E.

7 │ Washington Ave., El Cajon, CA 92019 as Store No. 2131-16057C; 2400 Highland Ave., National

8 │ City, CA 91950 as Store No. 2131-20785C and 2810 El Cajon Blvd., #A, San Diego, CA 92104 as

9 │ Store No. 2112-38052A.

10 │     105.    On December 7, 2023, Defendant 7-ELEVEN, INC. substantially interfered with

11 │ Plaintiff J AND K CONVENIENCE STORE, INC.'s franchises by illegally terminating the

12 │ franchises and denying Plaintiff J AND K CONVENIENCE STORE, INC. its franchises, including

13 │ the right to possess and operate the franchises.

14 │     106.    Plaintiff J AND K CONVENIENCE STORE, INC. did not consent to Defendant 7-

15 │ ELEVEN, INC.'s illegal termination of the franchises and denying Plaintiff J AND K

16 │ CONVENIENCE STORE, INC. its franchises, including the right to possess and operate the

17 │ franchises.

18 │     107.    Plaintiff J AND K CONVENIENCE STORE, INC was harmed by Defendant 7-

19 │ ELEVEN, INC.'s illegal termination of the franchises and denying Plaintiff J AND K

20 │ CONVENIENCE STORE, INC. its franchises, including the right to possess and operate the

21 │ franchises.

22 │     108.    Defendant 7-ELEVEN, INC's conduct in illegally terminating the franchises and

23 │ denying Plaintiff J AND K CONVENIENCE STORE, INC. its franchises, including the right to

24 │ possess and operate the franchises was a substantial factor in causing Plaintiff J AND K

25 │ CONVENIENCE STORE, INC.'s harm in an amount greater than $25,000.00.

26 │     109.    Defendant 7-ELEVEN, INC. was acting with full knowledge of the consequences and

27 │ damages being caused to Plaintiff J AND K CONVENIENCE STORE, INC and in terminating the

28 │ franchises and denying Plaintiff J AND K CONVENIENCE STORE, INC its franchises, including

PETERSON LAW LLP

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

1   the right to possess and operate the franchise, 7-ELEVEN, INC.'S conduct was conscious, willful,

2   oppressive and malicious.  The actions were and are not only ratified by, but they were actually

3   undertaken by directors of 7-ELEVEN, INC.  Defendant Kia Hasheminejad is now, and at all times

4   mentioned in this Complaint was a competent adult and the Southwest Region Director of Defendant

5   7-ELEVEN, INC.  Defendant Timothy Hall is now, and at all times mentioned in this Complaint was

6   a competent adult and the Director, Asset Protection for Defendant 7-ELEVEN, INC.  Defendant

7   Bobbie King, is now, and at all times mentioned in this Complaint was a competent adult and the

8   Market Manager for Defendant 7-ELEVEN, INC.  who oversees the operations, sales, and

9   profitability of 143 stores in the San Diego area.  Accordingly, Plaintiff J AND K CONVENIENCE

10  STORE, INC. is entitled to punitive damages against Defendant 7-ELEVEN in an amount according

11  to proof.

## SIXTEENTH CAUSE OF ACTION

### CONVERSION

(By Plaintiff JASSI AND MIRNA, INC. against Defendant 7-ELEVEN, INC. and Does 1-10)

16  110.   Plaintiff JASSI AND MIRNA, INC. incorporates Paragraphs 1 through 37, 40, 54-58

17  and 78-83 inclusive above as if the same were set forth at length herein.

18  111.   Plaintiff JASSI AND MIRNA, INC.  and Defendant 7-ELEVEN, INC. entered into a

19  written franchise agreement whereby Plaintiff JASSI AND MIRNA, INC.  was granted the right to

20  engage in the business of offering selling or distributing goods or services under a marketing plan or

21  system prescribed in substantial part by Defendant 7-ELEVEN, INC., specifically to operate the 7-

22  Eleven® convenience store business located at 290 I. St., Chula Vista, CA 91910 as Store No. 2131-

23  13582D.

24  112.   On December 7, 2023, Defendant 7-ELEVEN, INC. substantially interfered with

25  Plaintiff JASSI AND MIRNA, INC.'s franchise by illegally terminating the franchise and denying

26  Plaintiff JASSI AND MIRNA, INC. its franchise, including the right to possess and operate the

27  franchise.

28  113.   Plaintiff JASSI AND MIRNA, INC. did not consent to Defendant 7-ELEVEN, INC.'s

1  illegal termination of the franchise and denying Plaintiff JASSI AND MIRNA, INC. its franchise,

2  including the right to possess and operate the franchise.

3      114.   Plaintiff JASSI AND MIRNA, INC. was harmed by Defendant 7-ELEVEN, INC.'s

4  illegal termination of the franchise and denying Plaintiff JASSI AND MIRNA, INC. its franchise,

5  including the right to possess and operate the franchise.

6      115.   Defendant 7-ELEVEN, INC's conduct in illegally terminating the franchise and

7  denying Plaintiff JASSI AND MIRNA, INC. its franchise, including the right to possess and operate

8  the franchise was a substantial factor in causing Plaintiff JASSI AND MIRNA, INC.'s harm in an

9  amount greater than $25,000.00.

10      116.   Defendant 7-ELEVEN, INC. was acting with full knowledge of the consequences and

11  damages being caused to Plaintiff JASSI AND MIRNA, INC. and in terminating the franchise and

12  denying Plaintiff JASSI AND MIRNA, INC. its franchise, including the right to possess and operate

13  the franchise, 7-ELEVEN, INC.'S conduct was conscious, willful, oppressive and malicious.  The

14  actions were and are not only ratified by, but they were actually undertaken by directors of 7-

15  ELEVEN, INC.  Defendant Kia Hasheminejad is now, and at all times mentioned in this Complaint

16  was a competent adult and the Southwest Region Director of Defendant 7-ELEVEN, INC.  Defendant

17  Timothy Hall is now, and at all times mentioned in this Complaint was a competent adult and the

18  Director, Asset Protection for Defendant 7-ELEVEN, INC.  Defendant Bobbie King, is now, and at

19  all times mentioned in this Complaint was a competent adult and the Market Manager for Defendant

20  7-ELEVEN, INC. who oversees the operations, sales, and profitability of 143 stores in the San Diego

21  area.  Accordingly, Plaintiff JASSI AND MIRNA, INC. is entitled to punitive damages against

22  Defendant 7-ELEVEN in an amount according to proof.

23  **SEVENTEENTH CAUSE OF ACTION**

24  **CONVERSION**

25  (By Plaintiff K & A CONVENIENCE STORES, INC. against Defendant 7-ELEVEN, INC.

26  and Does 1-10)

27      117.   Plaintiff K & A CONVENIENCE STORES, INC.  incorporates Paragraphs 1 through

28  37, 40, 59-63 and 84-88 inclusive above as if the same were set forth at length herein.

118.    Plaintiff K & A CONVENIENCE STORES, INC. and Defendant 7-ELEVEN, INC. entered into a written franchise agreement whereby Plaintiff K & A CONVENIENCE STORES, INC. was granted the right to engage in the business of offering selling or distributing goods or services under a marketing plan or system prescribed in substantial part by Defendant 7-ELEVEN, INC., specifically to operate the 7-Eleven® convenience store business located at 275 E. St., Chula Vista, CA 91910 as Store No. 2131-13591C.

119.    On December 7, 2023, Defendant 7-ELEVEN, INC. substantially interfered with Plaintiff K & A CONVENIENCE STORES, INC.'s franchise by illegally terminating the franchise and denying Plaintiff K & A CONVENIENCE STORES, INC. its franchise, including the right to possess and operate the franchise.

120.    Plaintiff K & A CONVENIENCE STORES, INC. did not consent to Defendant 7-ELEVEN, INC.'s illegal termination of the franchise and denying Plaintiff K & A CONVENIENCE STORES, INC. its franchise, including the right to possess and operate the franchise.

121.    Plaintiff K & A CONVENIENCE STORES, INC.  was harmed by Defendant 7-ELEVEN, INC.'s illegal termination of the franchise and denying Plaintiff K & A CONVENIENCE STORES, INC. its franchise, including the right to possess and operate the franchise.

122.    Defendant 7-ELEVEN, INC's conduct in illegally terminating the franchise and denying Plaintiff K & A CONVENIENCE STORES, INC. its franchise, including the right to possess and operate the franchise was a substantial factor in causing Plaintiff K & A CONVENIENCE STORES, INC.'s harm in an amount greater than $25,000.00.

123.    Defendant 7-ELEVEN, INC. was acting with full knowledge of the consequences and damages being caused to Plaintiff K & A CONVENIENCE STORES, INC. and in terminating the franchise and denying Plaintiff K & A CONVENIENCE STORES, INC. its franchise, including the right to possess and operate the franchise, 7-ELEVEN, INC.'S conduct was conscious, willful, oppressive and malicious.  The actions were and are not only ratified by, but they were actually undertaken by directors of 7-ELEVEN, INC.  Defendant Kia Hasheminejad is now, and at all times mentioned in this Complaint was a competent adult and the Southwest Region Director of Defendant 7-ELEVEN, INC.  Defendant Timothy Hall is now, and at all times mentioned in this Complaint was

- 28 -

PETERSON LAW LLP

1   a competent adult and the Director, Asset Protection for Defendant 7-ELEVEN, INC.  Defendant

2   Bobbie King, is now, and at all times mentioned in this Complaint was a competent adult and the

3   Market Manager for Defendant 7-ELEVEN, INC. who oversees the operations, sales, and profitability

4   of 143 stores in the San Diego area.  Accordingly, Plaintiff K & A CONVENIENCE STORES, INC.

5   is entitled to punitive damages against Defendant 7-ELEVEN in an amount according to proof.

## EIGHTEENTH CAUSE OF ACTION

### BATTERY

(By Plaintiff Dhillon against Defendants 7-ELEVEN, INC., Kia Hasheminejad, Timothy

Hall  and Does 1-10)

10   124.    Plaintiff Dhillon incorporates Paragraphs 1 through 29 inclusive above as if the same

11   were set forth at length herein.

12   125.    Timothy Hall touched Plaintiff Dhillon and caused Plaintiff Dhillon to be touched with

13   the intent to harm or offend.  After Plaintiff Dhillon entered into the hotel room, Timothy Hall asked

14   Plaintiff Dhillon if Plaintiff Dhillon was carrying a gun, to which Plaintiff Dhillon replied "no".

15   Despite Plaintiff Dhillon replying "no", Timothy Hall demanded that he still needed to frisk Plaintiff

16   Dhillon.  Plaintiff advised that he did not consent to such a search.  Ignoring Plaintiff Dhillon's

17   express rejection of consent, Timothy Hall got up and started frisking Plaintiff Dhillon and then forced

18   Plaintiff Dhillon against his will to pull his pants up to show the group that Plaintiff Dhillon was not

19   carrying any guns.

20   126.    Plaintiff Dhillon did not consent to the touching.

21   127.    Plaintiff Dhillon was offended by Timothy Hill's conduct.

22   128.    A reasonable person in Plaintiff Dhillon's situation would have been offended by the

23   touching.

24   129.    Defendant Kia Hasheminejad was aware Timothy Hall planned to frisk Plaintiff

25   Dhillon and perform an unnecessary weapons search on Plaintiff Dhillon.

26   130.    Defendant Kia Hasheminejad agreed with Timothy Hall and intended that Timothy

27   Hall frisk Plaintiff Dhillon and perform an unnecessary weapons search on Plaintiff Dhillon.

28   131.    As a proximate result of the conduct of Kia Hasheminejad and Timothy Hall, Plaintiff

PETERSON LAW_LLP

1  Dhillon also suffered non-economic damages including, but not limited to annoyance, stress and
2  emotional distress in an amount according to proof.

3      132.   Defendant 7-ELEVEN, INC., Defendant Timothy Hall and Defendant Kia
4  Haseminejad were acting with full knowledge of the consequences and damages being caused to
5  Plaintiff Dhillon by the unlawful touching and the conduct of Defendant 7-ELEVEN, INC.,
6  Defendant Timothy Hall and Defendant Kia Haseminejad, was conscious, willful, oppressive and
7  malicious. The actions were and are not only ratified by, but they were actually undertaken by
8  directors of 7-ELEVEN, INC. Defendant Kia Hasheminejad is now, and at all times mentioned in
9  this Complaint was a competent adult and the Southwest Region Director of Defendant 7-ELEVEN,
10  INC. Defendant Timothy Hall is now, and at all times mentioned in this Complaint was a competent
11  adult and the Director, Asset Protection for Defendant 7-ELEVEN, INC. Accordingly, Plaintiff
12  Dhillon is entitled to punitive damages against Defendant 7-ELEVEN in an amount according to
13  proof.

14  **NINETEENTH CAUSE OF ACTION**

15  **FALSE IMPRISONMENT**

16  (By Plaintiff Dhillon against Defendants 7-ELEVEN, INC., Kia Hasheminejad, Timothy
17  Hall and Does 1-10)

18      133.   Plaintiff Dhillon incorporates Paragraphs 1 through 29 and 124-132 inclusive above
19  as if the same were set forth at length herein.

20      134.   That Defendants intentionally deprived Plaintiff Dhillon of his freedom of movement
21  by use of force, menace, fraud, deceit and unreasonable duress.

22      135.   The restraint, confinement and detention compelled Plaintiff go to the hotel and stay
23  at the hotel for some appreciable time.

24      136.   Plaintiff Dhillon did not knowingly or voluntarily consent.

25      137.   Plaintiff Dhillon was actually harmed.

26      138.   The conduct of Defendants Kia Hasheminejad and Timothy Hall was a substantial
27  factor in causing Plaintiff Dhillon's harm.

28      139.   As a proximate result of the conduct of Defendants Kia Hasheminejad and Timothy

PETERSON LAW

1   Hall, Plaintiff Dhillon also suffered non-economic damages including, but not limited to annoyance,

2   stress and emotional distress in an amount according to proof.

3         140.    Defendant 7-ELEVEN, INC., Defendant Timothy Hall and Defendant Kia

4   Haseminejad were acting with full knowledge of the consequences and damages being caused to

5   Plaintiff Dhillon by the unlawful false imprisonment and the conduct of Defendant 7-ELEVEN, INC.,

6   Defendant Timothy Hall and Defendant Kia Haseminejad, was conscious, willful, oppressive and

7   malicious.   The actions were and are not only ratified by, but they were actually undertaken by

8   directors of 7-ELEVEN, INC.  Defendant Kia Hasheminejad is now, and at all times mentioned in

9   this Complaint was a competent adult and the Southwest Region Director of Defendant 7-ELEVEN,

10  INC.  Defendant Timothy Hall is now, and at all times mentioned in this Complaint was a competent

11  adult and the Director, Asset Protection for Defendant 7-ELEVEN, INC.  Accordingly, Plaintiff

12  Dhillon is entitled to punitive damages against Defendant 7-ELEVEN in an amount according to

13  proof.

14                        **TWENTIETH CAUSE OF ACTION**

15            **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

16          (By Plaintiff Dhillon against Defendants 7-ELEVEN, INC., Kia Hasheminejad, Timothy

17                        Hall, and Bobbie King and Does 1-10)

18        141.    Plaintiff Dhillon incorporates Paragraphs 1 through 29 and 124-140 inclusive above

19  as if the same were set forth at length herein.

20        142.    Defendants 7-ELEVEN, INC., Kia Hasheminejad, Timothy Hall, and Bobbie King

21  engaged in the extreme and outrageous conduct herein above alleged with wanton and reckless

22  disregard of the probability of causing Plaintiff Dhillon to suffer severe emotional distress.

23        143.    As a proximate result of the extreme and outrageous conduct engaged in by

24  Defendants 7-ELEVEN, INC., Kia Hasheminejad, Timothy Hall, and Bobbie King, Plaintiff Dhillon

25  has suffered humiliation, mental anguish and extreme emotional and physical distress all to his

26  general damage in an amount according to proof at trial.

27        144.    The conduct of Defendants 7-ELEVEN, INC., Kia Hasheminejad, Timothy Hall, and

28  Bobbie King as herein alleged was malicious and oppressive in that it was conduct carried on by

P PETERSON LAW℠

1   Defendants 7-ELEVEN, INC., Kia Hasheminejad, Timothy Hall, and Bobbie King in a willful and

2   conscious disregard of Plaintiff Dhillon's rights and subjected him to cruel and unjust hardship.

3   Defendants 7-ELEVEN, INC., Kia Hasheminejad, Timothy Hall, and Bobbie King were acting with

4   full knowledge of the consequences and damages being caused to Plaintiff and their conduct was

5   conscious, willful, oppressive and malicious.  The actions were and are not only ratified by, but they

6   were actually undertaken by directors of 7-ELEVEN, INC.  Defendant Kia Hasheminejad is now, and

7   at all times mentioned in this Complaint was a competent adult and the Southwest Region Director

8   of Defendant 7-ELEVEN, INC.  Defendant Timothy Hall is now, and at all times mentioned in this

9   Complaint was a competent adult and the Director, Asset Protection for Defendant 7-ELEVEN, INC.

10  Defendant Bobbie King, is now, and at all times mentioned in this Complaint was a competent adult

11  and the Market Manager for Defendant 7-ELEVEN, INC.  who oversees the operations, sales, and

12  profitability of 143 stores in the San Diego area.  Accordingly, Plaintiff is entitled to punitive damages

13  against Defendants 7-ELEVEN, INC., Kia Hasheminejad, Timothy Hall, and Bobbie King in an

14  amount according to proof.

15         145.   As a direct, foreseeable and legal result of the unlawful acts of Defendants 7-

16  ELEVEN, INC., Kia Hasheminejad, Timothy Hall, and Bobbie King, Plaintiff Dhillon has suffered

17  and continues to suffer humiliation, embarrassment, severe mental and emotional distress, and

18  discomfort, all to Plaintiff Dhillon's damage in an amount to be proven at trial.

### JURY TRIAL DEMAND

20  Plaintiffs request a jury trial on all issues so triable.

### PRAYER FOR RELIEF

22  WHEREFORE, Plaintiffs asks judgment against the respective Defendants in their Causes of

23  Action as follows:

24  1.      For actual damages in an amount to be established at trial;

25  2.      For compensatory damages as requested and according to proof at trial;

26  3.      For general and special damages according to proof at trial;

27  4.      For non-economic damages according to proof at trial;

28  5.      For exemplary and punitive damages in an amount to be established at trial;

- 32 -

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

Ex. 1

p. 45

PETERSON LAW LLP

6.      For a stay, temporary restraining order, preliminary injunction and permanent injunction prohibiting Defendant 7-ELEVEN, INC. from terminating the franchises and any other acts that are being undertaken in connection with the termination of the franchises;

7.      For costs of suit herein;

8.      For attorneys' fees (if available per statute and contract); and

9.      For such other and further relief as the Court may deem just and proper.

WHEREFORE, Plaintiffs Dhillon, JASJEET DHILLON, INC., KAMAL CREATIONS, INC. and J AND K CONVENIENCE STORE, INC. further ask judgment against the respective Defendants in the First and Second Causes of Action as follows:

1.      For   an   order   rescinding   the   AGREEMENT   WITH   GOODWILL   SALE OPPORTUNITY AND STORE MANAGEMENT AGREEMENT.

DATED: December 15, 2023

PETERSON LAW, LLP

CHRISTOPHER L. PETERSON
Attorneys    for    Plaintiffs    JASJEET
DHILLON;    KAMAL    CREATIONS,
INC.; JASJEET DHILLON, INC.;
J   AND   K   CONVENIENCE   STORE,
INC.; JASSI AND MIRNA, INC. and
K   &   A   CONVENIENCE   STORES,
INC.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | | FOR COURT USE ONLY |
|---|---|---|
| Christopher L. Peterson          SBN:<br>Peterson Law, LLP<br>1620 Fifth Avenue., Suite 550, San Diego, CA 92101<br>TELEPHONE NO. 619-483-3200      FAX NO. *(Optional)* 619-393-0830<br>E-MAIL ADDRESS: cpeterson@petersonlawllp.com<br>ATTORNEY FOR *(Name)*: Jasjeet Dhillon, et. al. | | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**12/15/2023** at 12:30:14 PM<br><br>Clerk of the Superior Court<br>By Christelle Tachon, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
|---|
| STREET ADDRESS: 330 West Broadway |
| MAILING ADDRESS: 330 West Broadway |
| CITY AND ZIP CODE: San Diego, 92101 |
| BRANCH NAME: Hall of Justice Courthouse |

| CASE NAME: Jasjeet Dhillon, et al. v. 7-ELEVEN, INC., et al. |
|---|

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] Unlimited          [ ] Limited<br>(Amount                    (Amount<br>demanded             demanded is<br>exceeds $25,000)    $25,000 or less) | [ ] Counter          [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2023-00054530-CU-BC-CTL |
| | | JUDGE:   Judge Richard S. Whitney<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

Ex. 1
p. 47

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7068 |

PLAINTIFF(S) / PETITIONER(S):   Jasjeet Dhillon et.al.

DEFENDANT(S) / RESPONDENT(S): 7 Eleven Inc et.al.

DHILLON VS 7 ELEVEN INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2023-00054530-CU-BC-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Richard S. Whitney                              Department: C-68

## COMPLAINT/PETITION FILED: 12/15/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/31/2024 | 10:00 am | C-68 | Richard S. Whitney |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2023-00054530-CU-BC-CTL        CASE TITLE: Dhillon vs 7 Eleven Inc [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
>    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
>    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
>    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Jasjeet Dhillon et.al. |
|---|
| DEFENDANT(S): 7 Eleven Inc et.al. |
| SHORT TITLE: DHILLON VS 7 ELEVEN INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2023-00054530-CU-BC-CTL |
|---|---|

Judge: Richard S. Whitney                                      Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                    _____
Name of Plaintiff                                Name of Defendant

_____                    _____
Signature                                        Signature

_____                    _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____                    _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/18/2023                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

Ex. 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:   330 W Broadway<br>MAILING ADDRESS:   330 W Broadway<br>CITY AND ZIP CODE:   San Diego CA 92101-3827<br>BRANCH NAME:   Central | |
| Short Title: Dhillon vs 7 Eleven Inc [IMAGED] | |

| NOTICE OF CONFIRMATION OF ELECTRONIC FILING | CASE NUMBER:<br>37-2023-00054530-CU-BC-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

### Electronic Filing Summary Data

Electronically Submitted By:  Christopher Peterson

On Behalf of:  Jasjeet Dhillon, K & A Convenience Stores Inc, J and K Convenience Store Inc, Jasjeet Dhillon Inc, Jasjeet Dhillon Inc, Kamal Creations Inc, J and K Convenience Store Inc, Jassi and Mirna Inc, Jassi and Mirna Inc

Transaction Number:  21903503

Court Received Date:  12/15/2023

Filed Date:  12/15/2023

Filed Time:  12:30 PM

Fee Amount Assessed:  $435.00

Case Number:  37-2023-00054530-CU-BC-CTL

Case Title:  Dhillon vs 7 Eleven Inc [IMAGED]

Location:  Central

Case Type:  Breach of Contract/Warranty

Case Category:  Civil - Unlimited

Jurisdictional Amount:  > 25000

| Status | Documents Electronically Filed/Received |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Accepted | Original Summons |

### Comments

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | | Date | Time | Location | Department |
|---|---|---|---|---|---|
| Civil Case Management Conference | | 05/31/2024 | 10:00 AM | Central | C-68 |

---

**Electronic Filing Service Provider Information**

| | |
|---|---|
| Service Provider: | OneLegal |
| Email: | support@onelegal.com |
| Contact Person: | Customer Support |
| Phone: | (800) 938-8815 |

DEC 1 9 2023