UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASJEET DHILLON, KAMAL CREATIONS, INC., JASJEET DHILLON, INC., J AND K CONVENIENCE STORE, INC. JASSI AND MIRNA, INC., and K & A CONVENIENCE STORES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>7-ELEVEN, INC. and DOES 1-10,<br><br>Defendants. | Case No.:   3:23-cv-02335-JES-JLB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 39]** |

On May 14, 2025, at oral argument, the Court granted in part and denied in part Defendant 7-Eleven's ("Defendant" or "7-Eleven") Motion to Dismiss for Failure to State a Claim. ECF No. 38. In response to the Court's ruling, Defendant filed the present motion for reconsideration. ECF No. 39. After reviewing the parties' briefs, the record on file, and reconsidering the case law, the Court **DENIES** the motion for reconsideration.

//

//

//

## I. DISCUSSION

### A. Motion for Reconsideration

Generally, where a district court "has jurisdiction over the case, ... it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (internal quotation marks and citations omitted) (emphasis omitted). Reconsideration is generally appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).[1]

Defendant contends reconsideration is merited because the Court erred by partially denying "7-Eleven's motion to dismiss based on purported claims that Plaintiffs never asserted in their [Second Amended Complaint]." ECF No. 39-1 at 6. Defendant argues that Plaintiffs' claims "are premised *exclusively* on the alleged breach of the franchise agreements" and not on the Sales Opportunity Agreement[2]. *Id.* (emphasis in original). The Court, however, Defendant argues, improperly created a claim that "7-Eleven breached the franchise agreements because the sales opportunity agreement was unenforceable." *Id.*

---

[1] Motions for reconsideration are also subject to Civil Local Rule 7.1(i)(1), which provides: "Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."

[2] Also referred to as the "Termination Agreement."

Defendant is misguided. Defendant's motion, *inter alia*, argued that it had the authority to immediately terminate the franchise agreements for the first, second, third, and sixth causes of action under Paragraph 26(a)(7) of those agreements, and *if they had*, such termination would not have been a breach of contract. The issue, however, is that 7-Eleven *did not actually terminate* the franchise agreements under that provision. Instead, 7-Eleven executed the Sales Opportunity Agreement, allowing Plaintiff Jasjeet Dhillon to release all his claims, and allegedly, Dhillon did so under duress. Consequently, Plaintiffs' breach of contract claims for the first, second, third, and sixth causes of actions rely on the enforceability of the Sales Opportunity Agreement, which, at this stage, the Court will not allow to be adjudicated on a motion to dismiss.

**B.   Certification for Interlocutory Appeal**

Defendant alternatively requests the Court to certify an interlocutory appeal on two issues: (1) "whether a district court may deny a motion to dismiss based on claims and allegations that are not contained in the complaint, and that were not previously briefed"; and (2) "whether 7-Eleven may be subject to liability for terminating Franchise Agreements that expressly granted 7-Eleven the right to terminate." ECF No. 39-1 at 14.

Interlocutory appeal under 28 U.S.C. § 1292(b) is appropriate only in extraordinary cases and is not intended merely to provide review of difficult rulings in hard cases. *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). An order may be certified for interlocutory appeal where it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688-89 (9th Cir. 2011) (quoting and citing 28 U.S.C. § 1292(b)). The party seeking certification must show that the requisite elements are satisfied. *Couch v. Telescope*, 611 F.3d 629, 633 (9th Cir. 2010).

Courts traditionally will find that a substantial ground for difference of opinion exists where novel and difficult questions of first impression exist. *Reese*, 643 F.3d at 688. When novel legal issues are presented, on which jurists may reach contradictory conclusions, a

novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent. *Id.* To decide if a substantial ground for difference of opinion exists under § 1292(b), courts must examine to what extent the controlling law is unclear. *Couch*, 611 F.3d at 633 (internal quotation marks omitted). One party's strong disagreement with a court's ruling does not suffice to establish a substantial ground for difference of opinion. *Id.* That settled law could be applied differently also does not establish a substantial ground for difference of opinion. *Id.*

While merely reciting the standard for certification, Defendant presents no new arguments, only pointing the Court to its arguments made in support of reconsideration. *See* ECF No. 39-1 at 14-15. For the reasons explained in the prior section, the Court finds that Defendant has not met its burden to show that certification for an interlocutory appeal is warranted. Thus, the Court **DENIES** Defendant's request.

## II.   CONCLUSION

Accordingly, Defendant's Motion for Reconsideration, ECF No. 39, is **DENIED**.

**IT IS SO ORDERED**.

Dated:  September 3, 2025

Honorable James E. Simmons Jr.
United States District Judge